UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES,<br><br>            Plaintiff,<br><br>   v.<br><br>MAURILIO RIVERA-LARA,<br><br>            Defendant. | No. CR-04-237-FVS<br><br>ORDER DENYING DEFENDANT'S MOTION |

    Before the Court is Defendant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 (Ct. Rec. 48) filed May 8, 2006.

    On February 4, 2005, the Defendant pleaded guilty to the offense of being an alien in the United States after deportation. (Ct. Rec. 21). On April 28, 2005, the Court sentenced the Defendant to 46 months imprisonment and three years of supervised release. (Ct. Rec. 29). On May 2, 2005, the Defendant filed an appeal with the Ninth Circuit Court of Appeals. (Ct. Rec. 32). While his direct appeal was pending, Defendant filed the present motion.

    "Except under most unusual circumstances ... no defendant in a federal criminal prosecution is entitled to have a direct appeal and a section 2255 proceeding considered simultaneously in an effort to overturn the conviction and sentence." *Jack v. United States*, 435 F.2d 317, 318 (9th Cir. 1970). Thus, absence exceptional

ORDER DENYING DEFENDANT'S MOTION - 1

circumstances, district courts must refrain from hearing the section 2255 motions of appellants whose direct appeals of their convictions are still pending. *See Nemec v. United States*, 184 F.2d 355 (9th Cir. 1950); *cf. Feldman v. Henman*, 815 F.2d 1318, 1320 (9th Cir. 1987) (stating that a "district court *should not* entertain a habeas corpus petition while there is a direct appeal pending in [the court of appeals] or in the Supreme Court" because the disposition of the appeal may render the petition unnecessary). Consequently, the Court must dismiss the Defendant's motion because of the pendency of his appeal before the Ninth Circuit. Assuming he does not petition the Supreme Court for certiorari, Defendant can make a new section 2255 motion at the expiration of his direct appeal. Accordingly,

**IT IS HEREBY ORDERED** that the Defendant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 (**Ct. Rec. 48**) is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and furnish copies to the **Defendant** and his counsel.

**DATED** this 14th day of June, 2006.

                        s/ Fred Van Sickle
                          Fred Van Sickle
                   United States District Judge