UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

         Plaintiff,

      v.

MAURILIO RIVERA-LARA,

         Defendant.

No. CR-04-237-FVS

ORDER

     **THIS MATTER** comes before the Court on Defendant's Motion For Time Reduction by an Inmate in Federal Custody Under 28 U.S.C. § 2255. Defendant, proceeding pro se, argues that he is entitled to a sentence reduction because his ineligibility for various Bureau of Prison ("BOP") programs violates his rights under the Equal Protection Clause, Due Process Clause, and Equal Rights Act of 1964.  The Court DENIES the motion because the Defendant should have raised his Equal Protection challenge on direct review and has not established why he did not raise the matter earlier.  Additionally, the Defendant's ineligiblity for certain BOP programs has already been considered by this Court and the Sentencing Guidelines.

**I. BACKGROUND**

    On February 3, 2005, the Defendant pled guilty to one count of illegally reentering the United States following deportation without permission, in violation of 8 U.S.C. § 1326.   The Defendant was

- 1

informed by this Court that a guilty plea carried a potential punishment of a maximum of 20 years imprisonment.  The Court sentenced the Defendant to 46 months imprisonment and three years of supervised release, the low end of the applicable Guideline range.  On direct appeal, the Ninth Circuit affirmed the Defendant's sentence without oral argument.  The Defendant now collaterally attacks his sentence and moves this Court for a sentence reduction pursuant to 28 U.S.C. § 2255.

**II. SECTION 2255 RELIEF**

Under 28 U.S.C. § 2255, a prisoner in federal custody may challenge his federal sentence "before the court where the movant was convicted" and move the court to vacate, set aside or correct his sentence upon a showing that(1) the sentence imposed violated the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeded the statutory maximum established by law; or (4) the sentence is "otherwise subject to collateral attack."  28 U.S.C. 2255; United States v. Addonizio, 442 U.S. 178, 185, 99 S.C t. 2235, 2240, 60 L. Ed. 2d 805, 811 (1979)(citing U.S. v. Hayman, 342 U.S. 205, 216-17, 72 S. Ct. 263, 271; 96 L. Ed. 232, 240 (1952)).

Review under Section 2255 is generally unavailable if the defendant previously raised the matter on direct appeal and there was no intervening change in law. Davis v. United States, 417 U.S. 333, 342, 94 S. Ct. 2298, 2303, 41 L. Ed. 2d 109, 116-17 (1974). Nevertheless, a movant may raise a constitutional matter that he failed to raise on direct review if he establishes *cause* for the

waiver and *actual prejudice* arising from the alleged violation. Bousely v. United States, 523 U.S. 614, 622, 118 S. Ct. 1604, 1611, 140 L. Ed. 2d 828, 839-40(1994); United States v. Frady, 456 U.S. 152, 167, 102 S. Ct. 1584, 1594, 71 L. Ed. 2d 816, 830(1982).

In this case, *prior* to sentencing, the Defendant raised and this Court considered the fact that his alien status made him ineligible for certain community corrections programs under BOP policy.  (Sent. Memo. at 15.)  The Defendant was put on notice at his plea hearing that he faced up to 20 years imprisonment for his plea of guilty to the crime of illegally re-entering the United States in violation of 8 U.S.C. 1326.  (Appeal Tr. at 5.) Finally, on direct appeal, the Ninth Circuit affirmed the Defendant's sentence because it was "reasonable." (Slip Opinion at 3.)

The Defendant has failed to show why he did not raise his ineligibility from certain BOP programs in his direct appeal. Furthermore, the Defendant has not established that he will suffer any actual prejudice if the court denies his Section 2255 motion, especially in light of the fact that this Court had been apprised of his ineligibility for BOP programs prior to his sentencing.

## III. DEPORTABLE ALIEN STATUS AND SENTENCE REDUCTION

As a general matter, while a defendant's alien status must be taken into account by the sentencing court, United States v. Charry Cubillos, 91 F.3d 1342(9th Cir. 1996), a defendant's ineligibility for certain programs is considered *only* if the sentence imposed would otherwise conflict with the policy and goals of the Sentencing

Guidelines. <u>United States v. Martinez-Ramos</u>, 184 F.3d 1055, 1058 (9th Cir. 1999). Notably, the Ninth Circuit has explained that the "Sentencing Commission must have factored in deportable alien status into [the sentencing range] for a Section 1326 offense, for the defendant's status as a deportable alien found in the United States without permission is the *very thing* being punished." <u>Id.</u> At 1058.

In this case, Section 2255 relief would only be proper if the Defendant could show that his sentence and alien status ineligibility for certain BOP programs otherwise conflicted with Sentencing Guidelines policy. <u>Charry-Cubillos</u>, 91 F.3d at 1345. The Defendant has failed to make such a showing. His deportable alien status was already factored into the Guideline range imposed by this Court for offenses committed in violation of 8 U.S.C. 1326. Therefore, the Defendant's sentence is proper and did not "conflict" with the Sentencing Guidelines.

The Court being fully advised,

**IT IS HEREBY ORDERED** that Mr. Rivera-Lara's § 2255 Motion, **Ct. Rec. 52** is **DENIED** and the District Court Executive is directed to close civil case number **CV-06-141-FVS**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to the **DEFENDANT.**

**DATED** this ___21st___ day of March, 2008.


  ___s/Fred Van Sickle___
Fred Van Sickle
United States District Judge

- 4